The President Okay, Mr. Watson. Thank you. May it please the Court. I will present the principal argument on behalf of the appellants and my co-counsel, Mr. Brooks, will present the reply. First of all, this Court has jurisdiction to hear this appeal. The Supreme Court has held that while 1447d, by its terms, prohibits appeals of remand orders, that the only remand orders that cannot be appealed are orders that come within the purview of Section 28 U.S.C., Section 1447c. I thought the rule was that when the district court says that it's jurisdiction, then it's jurisdiction. Well, there is gloss on that, Your Honor. The Supreme Court has held that, well, this Court has stated in Fontenot v. Watson Pharmaceuticals that the decision of the Supreme Court in Power Act v. Reliant Energy allows a limited appellate inquiry into confirming whether the district court's characterization that the remand rested upon the lack of subject matter jurisdiction is colorable. In this case, there's no doubt that the district court remanded the case based upon the ill-conceived conception that there was a workers' compensation claim in the case. Judge Hittner mentions the 1445c, which is the prohibition against removal of cases with workers' compensation cases, and mentions this, expressly refers to this Court's decision in Trahan, and there's no doubt whatsoever that the remand was based upon 1445c. But he did use those talismanic words. That is, he did say, use the word subject matter jurisdiction. And in your motion to reconsider, you used those, too. Well, Your Honor, yes, he does say that. You, right, your motion accordingly, the Court's remand of this case for lack of subject matter jurisdiction was in error. Yes. So that was embracing the words, maybe inartful, but if Judge Smith's question, you know, points to difficult law, it is the text seems pretty absolute, and then there's a lot of disagreement in the circuits, which is acknowledged by Justice Scalia in Power Acts, but we're pretty far on one side of that split. Well, but this Court has also said, as I say, in Fontenot. Fontenot couldn't overrule earlier case law if the Supreme Court acknowledged that it wasn't deciding the split. So we put Fontenot aside if there's earlier law that says the test in our circuit is, did the judge perceive that he or she lacked jurisdiction? And the only way the perception does — you disagree with me, but I'm just stating how one way of looking at the law is the judge would then have to have made a clear statement it wasn't based on a perceived notion that subject matter jurisdiction doesn't allow. Well, Your Honor, the — I think — I assume you're referring to the Warrantech decision. Yes. And Warrantech is before Power Acts, and Power Acts is the subsequent United States Supreme Court case. Right, but my point is I think I'm right that Scalia specifically said we're disagreeing with the dissent, but we aren't deciding this. Once they say they're not deciding it, it can't give us freedom to overlook earlier case law, which has a pretty long pedigree, right, that these are irretrievably lost. Well, of course, what Warrantech says is that there has to be a clear and unambiguous statement. I'm paraphrasing a bit. That of a non-1447C basis for the remand. And in this case, you have a — you do have that. You have a clear statement that it's 14 — the case is being remanded based upon 1445C. And the law could not be clearer that 1445C is not jurisdictional. I mean, there are four decisions from this Court. There are at least four decisions from other courts of appeals. There is no — there is no split in the circuits. I would submit that a lawyer who filed a pleading claiming that 1445C was a subject matter — a precluded subject matter jurisdiction for removal would have — be at risk of being held liable for sanctions under Rule 11. I mean, it's just absolutely clear that 1445C is not jurisdictional. I mean, Justice Scalia in Power Act did say that, you know, we're not going to address yet whether a patently non-jurisdictional basis for remand clothed in jurisdictional clothing, what we do with that. Well, that's what this case is. It's a patently non-jurisdictional basis for remand.  You know, he states in the order that a reason that is not jurisdictional. And so the — I mean, none of the cases in this circuit that I know of deal with a situation where the Court gives a patently non-jurisdictional basis and then calls it subject matter jurisdiction. The — if we go beyond the — moving to the next issue on jurisdiction, on appellate jurisdiction, the decisions of the Supreme Court and of this Court make it clear that if a — that 1447C does not include remand orders based upon non-jurisdictional bases that arise after removal of the case. In Power Acts, the Supreme Court construed 1447C, the language of 1447C that says that any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. And the Court said that basically means what it says. And in Power Acts, the — there were parties that had been — had removed the case under the Foreign Sovereign Immunities Act. They had been dismissed. All this took place after removal. And the Supreme Court said, well, that — the language of the statute means that a post-removal event that implicates subject matter jurisdiction falls within 1447C and cannot be appealed. But in the very next sentence, after the — after the Supreme Court held that 1447C means what it says, the Court went on to say that, quote, this holding requires us to determine whether the ground for the district court's remand in the present case was lack of subject matter jurisdiction. I mean, the clear implication of that statement was that if the Court had concluded that the dismissal of other parties had not given rise to a subject matter issue, that the Court would have held that the case was — could be appealed. This is also — the Court also went on to state that, quote, a case can be properly removed and yet suffer from a failing in subject matter jurisdiction that requires remand, emphasizing the words subject matter jurisdiction. There's a clear distinction in the statute itself and in the — in the opinion of the Supreme Court in Power Act between jurisdictional defects that — that arise after the case is removed and non-jurisdictional defects that arise after the case is removed. And, of course, this is consistent with this Court's decision in Raychelle, where the Court stated that 1447C encompasses, quote, all non-jurisdictional defects existing at the time of removal, end quote. So what we have is a — a — the remand is based upon the order of the — the decision of the Texas First Court of Appeals reversing the decision of the district court that it held that — that the insurance company of the State of Pennsylvania had waived its supplication rights and that occurred a year after the case had been removed. And so you have a — a — the — the supposed interjection — I'll deal with this in a moment — but the supposed interjection into the case a year after the case was removed of a workers' compensation claim that had been dead at the time the case was removed. Under Power Acts and this Court's decision in Raychelle, that interjection of that procedural defect a year after the case was removed is subject to appeal. Is it — is it an oversimplification, and if it is, please correct me, to say that your position is that the fact that the district court says it's jurisdictional is irrelevant. What really matters is whether it really is jurisdictional. Well, I think — I mean, I think that under the notion that it has to be colorable is that a — when a court says — if a court were to say, for example, that the notice of removal was not filed within 30 days and, therefore, this court lacks subject matter jurisdiction. If a court were to say, and I used a somewhat facetious example in our principal brief, you know, I'd like to play more golf this year, and, therefore, I lack subject matter jurisdiction. Would the court accept those statements? I think not. I mean, the — and this, quite frankly, is a step beyond that where you have four court of appeals decisions holding that it's not jurisdictional. I think that the implication of Power Act is that you can't turn a — you can't turn a non-jurisdictional remand into a jurisdictional remand just by saying so when it's as clear as it is in this particular case. I suppose an example favoring your position might be a diversity case in which there's some question as to whether the jurisdictional amount is met and the district court thinks it was not and, therefore, remands for warrant of jurisdiction. That would plainly be a jurisdictional question, and even though the district court was wrong that the jurisdictional amount wasn't met, it would still be non-reviewable. I think that's right, Your Honor. I would agree with that. The — going on, moving on to the merits of the appeal, the fact that the — that 1447C only applies to non-jurisdictional defects that exist at the time of the removal is also consistent with the longstanding rule that you determine procedural propriety of removal at the time the case is removed. And at the time this case was removed, there was no workers' compensation claim. The district court decision in favor of Exxon holding that the insurance company of the State of Pennsylvania had waived its subrogation rights merged the claim that was made in this case into the judgment, and that — It wasn't a final judgment. The decision in the district court was a final judgment, Your Honor. It was on appeal. It was subject to appeal. That's not a final judgment. Your Honor, I beg to differ. There are cases — there are cases, and we didn't — we did not brief this issue here. This issue was briefed in detail on the first motion to remand that Judge Hittner denied, and that there is — the law is — Texas law is exceedingly clear that a judgment is final for race-judicata purposes, even though it is on appeal, that an appeal does not affect the finality of the judgment. And Judge Hittner so held. I disagree in this context, respectfully. If the court would want — that's in the record in the motion to — the original motion to remand in 2015. But even if so, wouldn't you be required to assert race-judicata as an affirmative defense in this case? Well, no. I mean, it dissolves. The case just — the claim just disappears. I mean, I suppose you would have to — if someone questioned it, you would assert it. But the claim simply does not exist. And similarly, there has never been a moment in this case when there was a workers' compensation case after the district court decision in State court. Because at the moment that the court of appeals reversed that decision and entered judgment in favor of the insurance companies of the State of Pennsylvania, the merger became a bar. And Exxon makes arguments about the issues that remain to be resolved in the State court. But that's not the question. The question is other issues that remain to be resolved in Federal court. And the only issue that Exxon ever pled in Federal court was for a declaratory judgment that the insurance company of the State of Pennsylvania had waived its subrogation rights. Exxon will never be able to make that argument again, until and unless the Texas Supreme Court reverses the first court of appeals. And, of course, the fact that the case is before the Texas Supreme Court for a petition for review could only take place if there was a final judgment. I mean, the jurisdiction of the Texas Supreme Court is dependent upon there being a final judgment in the court of appeals.  Thank you. Thank you, Your Honor. Your side, as you said, will save time for rebuttal. Good morning, and may it please the Court. Let me just jump right to the fundamental issue in this case, and that is the statement by the district court in his remand order that he was remanding on the basis of jurisdiction, of subject matter jurisdiction. On the basis of workers' comp, right? Yes, Your Honor. So was that a colorable position for the district court to take? I think that it was a procedural defect, but not a jurisdictional defect. But I think that whether there was jurisdiction or not in the court's analysis doesn't make any difference to the ultimate decision. Well, Mr. Watson says that the question is whether the district court's statement about jurisdiction is colorable. You can tell us whether you agree or not that that's the test, but if it is the test, is there a colorable argument that 1445 and workers' comp would be a jurisdictional defect? Let me answer the questions in order. First, that the mere statement that the judge has in his order is sufficient, that the colorability is not an issue in determining whether there's appealability. The second part of the question is, in all candor to the court, I do not believe it is jurisdictional, the analysis he uses. I do firmly believe, though, that it is a procedural defect, and that's one of the basis on which we have urged the court to dismiss this case. But before getting to even that issue, that being that for a remand order to be proper, it needs to be timely filed, and there's no dispute this was timely filed within 30 days. And then the second, that it was based on a 1447C ground for remand, and that ground would be the issue that you're talking about, Judge Smith, which is this existence of a workers' comp-related claim based on state law. But I'm glad to talk about that aspect of it, but I think the simpler answer is still the clear statement rule. So the 1447D bar on review is absolute. There's no look-behind option, even if the facetious examples were true. I lack subject matter jurisdiction because today's Friday. Yes, Your Honor. I think it's that clear. That's how you read it. I think it's that clear. Well, the only thing that's clear in our law, or would it be that clear in every circuit that's applied Power X, and this just, do you have a thought on that? It's the Fifth Circuit's law. There are courts that disagree with that. But counsel specifically stated that he didn't know of any case out of this court that was similar to this one in that there were statements. We're bound, and we reiterate prior law. It will be the first Fifth Circuit post-Power X decision, and it will definitely cement a split, correct? I would say that it would not be the only case because there's been at least three courts since Power X that applied this principle, the clear statement rule principle. And one of those is the case called Wachovia. It's cited in the brief. And in Wachovia, the same thing happened. The court, in its order, talked about the fact that there was a procedural defect. In that case, it was whether a third party could remand a case under the facts of that case. And then it reached, the court reached the conclusion, after outlining this procedural defect, saying that there was no jurisdiction. This court, in that case, said you still cannot go behind that statement. Are we the only circuit that's had this clear statement rule? In other words, is the weight of the split heavily in the other direction? I think the weight is probably in the other direction. I haven't examined that and looked at, you know, to give a fair answer to you, Judge. But it is absolutely clear in this court. And I do think it's important to say not only, and you're, of course, absolutely right, that the precedent, longstanding precedent in this court existed before Power X, but that it's continued to be applied, including in published cases. Two of the cases that we cite in our brief are unpublished, but one is published that recites the rule again after Power X and, in fact, after Fontenot. So there, in some ways, and you can see, you know, we like appeals. The ability to appeal as an appellate lawyer, I certainly honor that. But it's important to, too, remind the court, remind ourselves why this is the case. And it's the case because Congress made a policy decision, and that policy decision favored judicial economy over the ability to have an appeal in this kind of situation. The situations in which this is going to arise, I think, fairly are one-off. It's not going to happen, I would think, never, that someone, that a district judge would say, I'm going to play golf. But assume it did, and that did happen. And the handful of times that something like that would happen, Congress considered that. And that's why they said no appeal, because it's not worth it. We are interested in judicial economy, in the quick resolution of the case. And every time, and Congress didn't say this, but the cases do, but every time you start an analysis of whether the basis in the order is colorable, you're going to have an appeal. Lots of clever lawyers who are going to, in good faith, be able to argue to this court, there is a colorable claim here. So how do you cut that off, the way that you cut that off? And, again, it's a policy determination by saying that the clear statement rule applies. So the clear statement rule applies here. If there was only one case for the court to read, it is the Wachovia case that I mentioned. It is an unpublished case, but it is a case that tracks pretty similarly the facts in this case. Of course, there are published cases that say the same thing. I'm a little hesitant to talk about the merits, but if I may, since counsel brought it up and there were questions, of course, our position very strongly is that the court should not reach the merits, that this court does not have jurisdiction under both the clear statement rule and what the requirements are for a remand order, excuse me, that preclude a remand order from being considered. But on the merits, their basic argument is that race judicata bars consideration or bars the remand, rather. There's something, Judge Higginson, I almost wasn't going to bring up to the court because it seemed almost too, you know, I'm getting too bowed. Nitpicky, thank you. Nitpicky is a good word. Relying too much on legal principles. But the fact of the matter is, and I would never say your question was nitpicky, but that they never moved or got any determination from the state court judge that this was race judicata. They say it's race judicata, and I recognize that the principles here would support or could support a race judicata claim. But there is no determination by a court that race judicata applied to this underlying claim. And so it's not only the issue of whether race judicata is appropriate or not. I believe, Judge Smith, you mentioned this. Forgive me, it may have been Judge Owen, but that there's no final judgment, and that's correct. But even before getting to the determination that there's no final judgment is that there's no ruling that it's race judicata. A party just can't say to a court this is race judicata, affirmative defense, it must be pled and proved, and that just didn't happen in this case. Again, there is the last point on the merits had to do with the finality. Judge Owens, I believe that it is considered final before the case goes on appeal, but once the case is appealed and reversed, at that point there is no final judgment. And so that, of course, is the situation here. The Supreme Court of Texas has ordered briefing on the case. You recall that the Court of Appeals reversed. The Supreme Court has ordered briefing, and the reply brief in that case, the Roberts case, is due next week on the 27th. Is that this week? Anyway, it's due shortly. So unless the court has any other questions, again, we rely on the simplest basis for dismissal here, and we ask the court to dismiss the case for lack of jurisdiction based on the clear statement rules and the other reasons that we state in our brief. All right, thanks. Thank you. And Mr. Brooks, you've saved time for a vote. May it please the Court. The court's initial question, whether the simple words lack of subject matter jurisdiction means game over, we respectfully submit it does not. This court has actually taken a Power Act's look on at least three occasions after the Power Act's decision in 2007. It did it implicitly in the Wachovia case cited by Exxon. It did it explicitly in the Ansley opinion in 2011. Wachovia was 2009. Ansley's 2011. That's the supplemental case? It is, Your Honor. It also … Fontenot is published, right? Fontenot is published. And in 2013, this court references Power Act's and actually also as part of its analysis, although perhaps not the main issue in the case, it did actually take a Power Act's look. In Wachovia, it determined that the district court's decision to remand was at least colorable. In Ansley, it determined that it was definitely not colorable. That case dealt with a remand based on perceived lack of need for docket coordination and pretrial proceedings in an MDL docket. And this court said clearly that's a non-1447C ground. That's not colorable. It needs to stay in federal court. And in Fontenot, this court was faced with a circumstance where the issue in that case and the basis for the remand and the district court's decision to remand the case was clearly at least colorable. What this court is faced with here, has not been faced with in those cases, is where the magic words lack of subject matter jurisdiction are uttered. But the reason, the only reason that was explicitly stated for saying that, for the district court saying that, was clearly a non-1447C ground. I don't think there's any dispute about that. And Exxon has acknowledged that the remand is not based on a lack of subject matter jurisdiction. Exxon argues that it was based on a procedural defect that it contends it timely raised with its motion to remand in July 2015. But the key there, as to why that's not correct, is because you have to look at what was existing at the time of removal in June 2015. There was no workers' compensation claim in existence at the time of removal in June 2015. When Exxon filed its motion to remand in July 2015 and cited 1445C in this court's opinion in Trahan in June of 2014, there was no workers' comp claim. There was no defect on which to remand based on 1445C. And the district court agreed with that in detail in his original opinion in December 2015 and said there was no workers' comp claim in existence at the time of removal, and therefore there was no defect to remand. And so what Exxon has proposed without any authority is that it may file a motion to remand within 30 days of the removal and have it serve as a placeholder for nonexisting defects in the event that there's a defect, a procedural defect, later on that comes into existence. Now, we certainly dispute whether the first court of appeals decision in the Roberts lawsuit revived any claims here because, again, it goes back to the question of was there a workers' comp claim in existence at the time of removal in June of 2015? There was not. I don't think there's any dispute about that. And so the district court, when it sua sponte remanded the case in November of 2016 based on the first court of appeals reversal in the Roberts lawsuit holding as a matter of law that there was no waiver of subrogation, it didn't revive anything because there was nothing to revive. But even making that assumption that there was now, as of July 2016, now the existence of a workers' compensation claim in our case, which we dispute, but assuming there was, it's a procedural defect that was never raised. It could not have been raised within 30 days because it didn't exist at that time. That fact, if you want to call it a revival of a workers' comp claim or now making an existence in this case a workers' comp claim, it didn't happen until July 2016, well beyond 30 days after the original removal. And the reason why that's important and why there is the underlying policy for remanding or moving within 30 days only of an existing procedural defect is really in display here. The real reason why allow a party to say, later on we may move for a remand on something that doesn't exist now, the case progress like it has here to fully brief summary judgment motions a year and a half after removal, one month before scheduled trial, and all of a sudden it gets pulled back on a procedural issue which was never raised in a motion to remand. Does any other circuit apply, interpret 1447D with a clear statement rule as we do, if we do? Your Honor, yes. In our brief, I represent National Union Insurance Company, State of Pennsylvania. In our brief on the merits, I believe on page 21 of the brief, we cite all of the other courts who have taken a different approach than a clear statement approach. And it's varied from a complete review disregarding what the district court says to a limited review. And this court being on, I think, on the most extreme side of that spectrum. And so, we submit this presents a case where this court should review this case, take a PowerX look, reverse the district court, and keep this case in federal court where it belongs. Thank you, Mr. Brooks. Thank you so much for your time. Your case and all of today's cases are under submission. And this panel is in recess until Wednesday, October 11th at 9 o'clock.